```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

MAHRUKH FATIMA and KAISER AKRAM,
as Parents and Natural Guardians of Z.K., and
MAHRUKH and KAISER AKRAM,
Individually, et al.

                Plaintiffs,

  -v-                                              No. 21-CV-5610-LTS

DAVID BANKS, in his official capacity as
Chancellor of the New York City Department of
Education, and The NEW YORK CITY
DEPARTMENT OF EDUCATION,

                Defendants.

```
-------------------------------------------------------x
```

## MEMORANDUM ORDER

        Plaintiffs are nine parents who bring this action against the Chancellor of the New York City Department of Education ("DOE") and DOE (together, "Defendants") on behalf of their minor children, each of whom has been classified pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1400 et seq., as a student with a disability. Plaintiffs obtained "pendency orders" under Section 1415(j) of the IDEA, requiring DOE to retroactively fund the students' placement at a private school, the International Institute for the Brain ("iBRAIN"), for the 2019-2020 and 2020-2021 school years. After the pendency orders issued, and by the time the action was commenced, DOE had made most, but not all, of the required payments. The Court has jurisdiction of this action under 28 U.S.C. section 1331.

        This case is before the Court on Plaintiffs' motion for a preliminary injunction (docket entry no. 4), asking the Court to require the Defendants to make the remaining payments

"immediately."  The Court has carefully considered the parties' submissions in connection with the instant motion.  For the following reasons, the motion for a preliminary injunction is denied.

## Background[1]

IDEA offers federal funds to states that provide "all children with disabilities" a "free appropriate public education" ("FAPE").  20 U.S.C. § 1412(a)(1)(A).  If a parent believes that their child is not being provided a FAPE, they may file a "due process complaint" and request a hearing before an impartial hearing officer ("IHO").  Ventura de Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519, 526 (2d Cir. 2020).

Plaintiffs filed due process complaints alleging that DOE failed to provide their respective children with a FAPE for the 2019-2020 and 2020-2021 school years and sought, among other things, pendency orders under 20 U.S.C. section 1415(j) directing DOE to fund their children's placement at iBRAIN for those years.  (Docket entry no. 10 ("Pl. Mem.") at 1.)  Each Plaintiff's administrative proceeding "resulted in a final Administrative Order and/or Decision that awarded full funding for tuition and related services/costs to each Plaintiff for each Plaintiff's unilateral placement of their respective child at iBRAIN."  (Id. at 2.)  Plaintiffs insist, however, that DOE has failed to make the payments ordered by the underlying administrative decisions in a timely manner.  (Id.)[2]

DOE "does not dispute that the student Plaintiffs are entitled to funding for the services at issue according to the terms set forth in the underlying administrative decisions."

---

[1]  Facts stated herein are undisputed unless otherwise indicated.

[2]  After the motion for a preliminary injunction was fully briefed, Plaintiffs filed a letter to detail an additional payment that they argue is owed and not yet paid by DOE.  (Docket entry no. 36 ("Pl. Supp.").)  Specifically, Plaintiffs highlight a dispute regarding DOE's responsibility to fund one child's special transportation services under a pendency order issued in November 2021 (the "November 2021 Pendency Order").  (Id. at 2.)

(Docket entry no. 23 ("Def. Mem.") at 2.)[3]  Instead, DOE asserts that all payments ordered by the underlying administrative decisions "have been paid or authorized to be paid in full," with the exception of payments that require additional documentation from Plaintiffs.  (Id. at 2-3.)  In support of its position, DOE proffered a sworn declaration from Sapna Kapoor, the Director of the Impartial Hearing Order Implementation Unit at the DOE, detailing the administration of these payments.  (Docket entry no. 23 ("Kapoor Decl.").)

DISCUSSION

To obtain a preliminary injunction, Plaintiffs must demonstrate "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."  N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc., 883 F.3d 32, 37 (2d Cir. 2018).  For the following reasons, Plaintiffs have demonstrated neither irreparable harm nor a likelihood of success on the merits.

First, Plaintiffs cannot show irreparable harm.  Plaintiffs contend that, because the pendency statute operates as an "automatic injunction," Ventura de Paulino, 959 F.3d at 529, funding of pendency placement should also happen automatically — that is, instantaneously.  (Pl. Mem. at 15-17.)  However, Plaintiffs have pointed to no authority that requires pendency payments to be made immediately.  The principal purpose of the pendency provision is to "maintain the educational status quo while the parties' dispute is being resolved."  T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist., 752 F.3d 145, 152 (2d Cir. 2014).  There is no indication that

---

[3]     DOE only disputes that it owes the payment for the transportation costs alleged in Plaintiffs' supplemental letter.  (Docket entry no. 37 ("Def. Supp.") at 2-3.)  DOE maintains that the November 2021 Pendency Order was in error, and it appealed the decision.  The parties have not provided the Court with an update regarding the status of that appeal.

the amount of time DOE is taking to pay the school or vendors has, or even could, affect the children's education. For this reason, courts in this Circuit have consistently denied applications for injunctive relief under functionally identical circumstances. See, e.g., Hr'g Tr. at 21:5-22:13, Juca v. Carranza, No. 19-CV-09427-ER (S.D.N.Y. Oct. 18, 2019), docket entry no. 24 (denying, on similar grounds, a preliminary injunction motion for immediate pendency payment); Beckford v. Carranza, No. 21-CV-0462-EK-PK, U.S. Dist. LEXIS 39565, *3 (E.D.N.Y. March 3, 2021) (same).

Likewise, Plaintiffs cannot show a likelihood of success on the merits. Not only have Plaintiffs failed to offer evidence showing that DOE has been delinquent in complying with the pendency orders, but the available evidence also contradicts those allegations. Specifically, DOE produced the declaration of Sapna Kapoor, the Director of the Impartial Hearing Order Implementation Unit at the DOE, attesting that nearly all of the payments in question have either already been paid or processed (Kapoor Decl. ¶¶ 5-6, 8-9, 11-12, 14-16, 18-19, 21-22, 24-25, 28) or require further information from Plaintiffs in order to be processed (id. ¶¶ 26, 29). In other words, the evidence indicates that DOE is making the payments for the children's educations as required by the pendency orders.[4]

---

[4] The fact that one payment appears to be in dispute — the cost of one child's special transportation services for the 2019-2020 school year (see Pl. Supp. at 3) — does not alter this conclusion. This payment is in dispute because DOE maintains that the November 2021 Pendency Order is erroneous, and, for that reason, DOE appealed the decision. (Def. Supp. at 3.) Appealing one decision does not demonstrate the "notorious track record of delaying special education students' payments" that Plaintiffs describe. (Pl. Mem. at 20.)

CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is denied. The parties are instructed to confer in good faith and provide a status letter regarding any remaining disputes in 30 days. This Memorandum Order resolves docket entry no. 4.

SO ORDERED.

Dated: January 30, 2024
      New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge