```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MAHRUKH FATIMA, as Parents and Natural
Guardian of Z.K., et al.

                    Plaintiffs,

     -v-                                                 No. 21-CV-5610-LTS

MELISSA AVILES-RAMOS, in her official capacity as
Chancellor of the New York City Department of
Education, and THE NEW YORK CITY
DEPARTMENT OF EDUCATION,

                    Defendants.

-------------------------------------------------------x
```

MEMORANDUM ORDER

Plaintiffs are nine parents, or sets of parents, who bring this action against the Chancellor of the New York City Department of Education ("DOE")[1] and DOE (together, "Defendants") on behalf of their minor children, each of whom has been classified pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. sections 1400 et seq., as a student with a disability. Plaintiffs initiated this action to seek funding for private school tuition and, in some cases, related services and transportation, that had been provided during the 2019-2020 and 2020-2021 school years for the students' attendance at the International Institute for the Brain ("iBRAIN"). This Memorandum Order addresses the only remaining claim in this matter,

---

[1] At the outset of the above-captioned case, Meisha Porter was the Chancellor of the DOE; today, Melissa Aviles-Ramos is the Chancellor. Because Plaintiffs bring this action against the Chancellor of DOE in her official capacity (see docket entry no. 30), Ms. Porter's "successor is automatically substituted as a party." FED. R. CIV. P. 25(d).

which relates to outstanding payments for Student Y.M.'s transportation for the 2019-2020 school year. The Court has jurisdiction of this action under 28 U.S.C. section 1331.

This case is before the Court on the parties' motions for summary judgment (docket entry nos. 63 ("Plaintiffs' Motion") and 68 ("Defendants' Cross Motion")). The Court has considered the parties' submissions in connection with the instant motions carefully. For the following reasons, Plaintiffs' Motion is denied, and Defendants' Cross Motion is granted.

## BACKGROUND[2]

IDEA offers federal funds to states that provide "all children with disabilities" a "free appropriate public education" (a "FAPE"). 20 U.S.C.A. § 1412(a)(1)(A) (Westlaw through P.L. 119-1). If a parent believes that their child is not being provided a FAPE, they may file a "due process complaint" and request a hearing before an impartial hearing officer ("IHO"). Ventura de Paulino v. N.Y.C. Dep't of Educ., 959 F.3d 519, 526 (2d Cir. 2020). Either party may appeal the decision of the IHO to the State Education Department's Office of State Review, where the State Review Officer ("SRO") will independently review the findings and decision rendered by the IHO. 20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(2). The SRO is empowered to modify "any determination of the impartial hearing officer" relating to the selection of an appropriate special education program or service. N.Y. Educ. Law § 4404(2). Although the SRO's decision is considered final, a party aggrieved by that decision may bring an

---

[2]   Facts stated herein are undisputed unless otherwise indicated. Facts characterized as undisputed are identified as such in the parties' statements pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there has been no contrary, non-conclusory factual proffer. Citations to the parties' respective Local Civil Rule 56.1 Statements (docket entry nos. 65 ("Pl. 56.1 St."), 71 ("Def. 56.1 St."), 72 ("Def. 56.1 Resp.")) incorporate by reference the parties' citations to the underlying evidentiary submissions.

action for relief in state or federal district court.  20 U.S.C. § 1415(i)(1)(B), (2)(A); N.Y. Educ. Law §4404(3)(a).

In July 2019, Student Y.M.'s parents filed a due process complaint against the DOE, claiming that DOE failed to offer Student Y.M. a FAPE for the 2019-2020 school year. (Pl. 56.1 St. ¶ 4; Def. 56.1 St. ¶ 3.)  In his decision rendered after a four-day hearing, the IHO ordered DOE to "to pay a reduced sum of $135,536.70[,]" or "65% of the cost for tuition/related services ($208,518.00) to the iBrain school." (Docket entry no. 37-1 (the "First IHO Decision") at 27.)  "This reduction was based upon . . . equitable principles" described more fully in the decision.  (Id.)  The calculation of the full cost of tuition and related services upon which the award in the First IHO Decision was based was provided in an affidavit from the Director of Operations of iBrain, which proffered that (1) base tuition was $153,000, and (2) supplemental tuition was $55,518 and covered occupational therapy, physical therapy, speech language therapy, group speech language therapy, assistive technology service, and parent counseling and training.  (Docket entry no. 37-2 ("Noel Affidavit") ¶ 4.)

Both Student Y.M.'s parents and DOE appealed the First IHO Decision to the SRO.  (Pl. 56.1 St. ¶ 17; Def. 56.1 St. ¶ 7.)  In their request for review, Student Y.M.'s parents submitted that the IHO "erred by finding that the balance of equities was not in the Parents' favor and thus improperly reduced the award of direct payment for tuition and related services (albeit not transportation) by 35%." (Docket entry no. 37-3 (the "Request for Review") ¶ 9.) The SRO agreed with Student Y.M.'s parents, held that the IHO's 35% reduction was in error, "reversed" that aspect of the IHO's decision and ordered DOE to fund the cost of Student Y.M.'s tuition at iBrain for the 2019-2020 school year.  (Docket entry no. 11-4 (the "First SRO Decision") at 24-25.)  While the First SRO Decision mentioned in a footnote that "the parents

signed a transportation contract for the 2019-2020 extended school year for the student's transportation to and from iBrain[,]" there is no other mention of transportation costs in the decision. (Id. at 4 n.3.) The First SRO Decision was not appealed by either party. (Def. 56.1 St. ¶ 9.)

Student Y.M.'s parents filed another due process complaint, for the 2020-2021 school year. (Id. ¶ 10.) In rendering his decision on the later complaint, the IHO discussed the First SRO Decision and reasoned that the parents had been awarded "all costs of special education and related services, including transportation" in that first decision, because "an order on pendency without transportation to [Student Y.M.'s] school would render the award meaningless." (Docket entry no. 36-1 (the "Second IHO Decision") at 3.) DOE appealed the Second IHO Decision to the SRO; the SRO who presided over that proceeding concluded that "a fair reading of the determinations in [the First IHO Decision] requires the conclusion that special transportation was not included as part of the award in that matter" because "the parents did not assert that the IHO erred in failing to address the request for transportation expenses nor did the parents request payment for transportation expenses on appeal." (Docket entry no. 70-1 (the "Second SRO Decision") at 11.) Therefore, the SRO held that "the IHO erred [in the Second IHO Decision] in directing the district to fund the cost of transportation as a part of the student's pendency placement[.]" (Id. at 13.) Neither party appealed the Second SRO Decision.

DISCUSSION

Summary judgment is warranted when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is considered material when it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence

is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court views the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor.  Ashley v. City of N.Y., 992 F.3d 128, 136 (2d Cir. 2021).  The nonmoving party may not rely solely on "conclusory allegations or unsubstantiated speculation" to survive summary judgment but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted).

Plaintiffs suggest that "summary judgment under the IDEA is slightly different" to the extent that "[a] motion for summary judgment under the IDEA authorizes the Court to perform a general review of the underlying administrative proceedings" and "the Court must give deference to IHO and SRO decisions on 'difficult and persistent questions of educational policy,' . . . except where the administrative decisions are poorly reasoned or relate to purely legal questions."  (Docket entry no. 64 ("Pl. Mem.") at 8 (quoting A.C. ex rel. M.C. v. Bd. of Educ., 553 F.3d 165, 171 (2d Cir. 2009)).)  At the summary judgment stage in a typical IDEA case, however, "the procedure is in substance an appeal from an administrative determination[.]"  M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 227 (2d Cir. 2012) (citations omitted).

Neither party in this case seeks to appeal an administrative determination; instead, Plaintiffs purport to seek enforcement of the administrative award for the 2019-2020 year, and the dispute hinges on the parties' divergent interpretations of DOE's obligations to pay for Student Y.M.'s transportation for the 2019-2020 school year pursuant to the administrative determinations.  Plaintiffs insist that a "fair reading" of the First IHO Decision and the First SRO Decision "requires DOE to fund the total cost of Y.M.'s 2019-2020 tuition and related services, including transportation" because, as the IHO stated in the Second IHO Decision, the award of

tuition and related services would be "meaningless" without an award for special transportation. (Pl. Mem. at 13-14.)  Plaintiffs further argue that DOE should be required to reimburse the transportation expense because DOE was on notice of Student Y.M.'s need for special transportation since the beginning of the administrative proceedings and that transportation is typically considered a "related service" that must be awarded under IDEA.  (Id. at 18-21.)  Defendants, in contrast, maintain that "transportation costs" were "never awarded" in the First IHO Decision, and that Plaintiffs abandoned their request for transportation services by only appealing the equitable reduction of tuition and fees in that decision.  (Docket entry no. 69 ("Def. Mem.") at 5-6.)  The dispute, therefore, boils down to whether a final, binding administrative decision required DOE to fund the cost of Student Y.M.'s transportation for the 2019-2020 school year.

"Under New York law, in an appeal to an SRO, 'any issue not identified in a party's request for review, answer, or answer with cross-appeal shall be deemed abandoned and will not be addressed by [an SRO].'"  Hidalgo v. N.Y.C. Dep't of Educ., No. 20-CV-98-JGK, 2021 WL 2827037, at *3 (S.D.N.Y. July 7, 2021) (quoting 8 N.Y.C.R.R. § 279.8(c)(4)).  Accordingly, "parties must appeal (or cross-appeal) any adverse findings of the IHO to preserve those arguments."  M.Z. v. N.Y.C. Dep't of Educ., No. 12-CV-4111-KBF, 2013 WL 1314992, at *6 (S.D.N.Y. Mar. 21, 2013).  As the Second SRO Decision concluded, "a fair reading of the determinations in [the First IHO Decision] requires the conclusion that special transportation was not included as part of the award in that matter" because "the parents did not assert that IHO erred in failing to address the request for transportation expenses nor did the parents request payment for transportation expenses on appeal."  (Second SRO Decision at 11.)  Plaintiffs do not dispute that the Second SRO Decision made this finding or otherwise seek review of that finding.

(See docket entry no. 75 ("Def. Reply") at 2-3.)[3]

Having reviewed thoroughly the record and the parties' arguments, the Court concludes that, notwithstanding any plausibility or emotional appeal of Plaintiffs' argument that DOE should always be required to pay for any needed special transportation if it is determined that placement in a special school is required to provide a FAPE, the Second SRO's reading of the governing law and of decisions in the proceeding regarding the 2019-2020 school year is correct.  The administrative decisions do not obligate DOE to fund Student Y.M.'s special transportation for the 2019-2020 school year.

## CONCLUSION

Plaintiffs' Motion for Summary Judgment is therefore denied, and Defendants' Cross Motion is granted.  This Memorandum Order resolves docket entries number 63 and 68.  The Clerk of Court is respectfully directed to enter judgment dismissing Plaintiffs' complaint and close this case.

SO ORDERED.

Dated: March 13, 2024
      New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge

---

[3] "Plaintiffs request the Court to remand the matter to [the IHO] for clarification on the issue" if "the Court remains unconvinced that special transportation was included in Plaintiffs' award." (Docket entry no. 73 ("Pl. Reply") at 18.)  As explained above, this issue was explicitly clarified in the Second SRO Decision.